**Bishan DASS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 07–71109.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2010.*

Filed Nov. 1, 2010.

Garish Sarin, Esquire, Law Offices of Garish Sarin, Los Angeles, CA, for Petitioner.

Stephen Elliott, Esquire, OIL, Aviva Poczter, Senior Litigation Counsel, Patrick

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

266

James Glen, Esquire, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, D.C., Chief Counsel Ice Office of the Chief Counsel, Department of Homeland Security San Francisco, CA, for Respondent.

Before: O'SCANNLAIN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

Bishan Dass, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir.2008), and we deny the petition.

Substantial evidence supports the BIA's finding that even if Dass' testimony were credible and he established past persecution, the government established by a preponderance of evidence that Dass could reasonably relocate within India. *See* 8 C.F.R. § 1208.13(b)(3)(ii); *Melkonian v. Ashcroft*, 320 F.3d 1061, 1069–70 (9th Cir. 2003) (presumption of a well-founded fear can be rebutted by showing that under all the circumstances the applicant could reasonably be expected to relocate). Accordingly, Dass' claims for asylum and withholding of removal fail.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Substantial evidence also supports the BIA's denial of CAT relief because Dass failed to demonstrate it was more likely than not he will be tortured if returned to India. *See Hasan v. Ashcroft,* 380 F.3d 1114, 1122–23 (9th Cir.2004) (denying CAT relief based on the possibility of internal relocation).

**PETITION FOR REVIEW DENIED.**